UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| PATRICIA SCHOOF-KNAUER,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHSOUTH REHABILITATION HOSPITAL OF NORTHERN VIRGINIA, LLC,<br><br>    Defendant. | Civil Action No. 1:15-cv-1136-TSE-MSN |

JOINT PROPOSED DISCOVERY PLAN
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26

Pursuant to the Court's October 13, 2015 Order, counsel for the parties have met as required by Rule 26(f) of the Federal Rules of Civil Procedure, and jointly submit this Proposed Discovery Plan:

1. **Settlement or Discontinuance of Action**

This action has not been settled or discontinued.

2. **Settlement Discussions**

The parties engaged in limited settlement discussions prior to the filing of this lawsuit.

3. **Initial Disclosures**

The parties are to exchange the information required by Fed. R. Civ. P. 26(a) on or about **November 10, 2015**.

4. **Meeting of the Parties**

The parties have met pursuant to Fed. R. Civ. P. 26(f). That meeting took place via

telephone on October 27, 2015. The persons participating in these communications were: Robert Powers and Zach Miller, counsel for Plaintiff, and Alison N. Davis and Rachelle E. Hill, counsel for Defendant. The parties have reached agreement on this Joint Discovery Plan.

**5. Discovery Plan**

  a. Discovery is needed on the subjects referenced in Plaintiff's Complaint and the Defendant's Answer.

  b. Further, Plaintiff intends to seek Plaintiff's personnel file; Defendant's employee manual; Defendant's ethics documents; Defendant's termination procedures; any grievances or reports filed against Plaintiff; any grievances or reports filed against Plaintiff's supervisors; and any performance assessments of Plaintiff. Additionally, Plaintiff will propound all other relevant discovery requests related to Plaintiff's termination.

  c. Discovery should not be conducted in phases or limited to particular issues.

  d. In light of the underlying dispute and the number of issues raised in this case, the parties do not believe it is necessary to increase the maximum number of interrogatories for each party from thirty (30).

  e. The Pretrial Conference is scheduled for **November 4, 2015 at 11:00 a.m.**

  f. The parties' initial pretrial disclosures required by Fed. R. Civ. P. 26(a)(1) are due **November 10, 2015**.

  g. Motions to amend or to add parties are to be filed as soon as the party or counsel becomes aware of the facts supporting the need for the motion.

  h. Plaintiff's Fed. R. Civ. P. 26(a)(2) expert report(s) are due **December 8, 2015**.

  i. Defendant's Fed. R. Civ. P. 26(a)(2) expert report(s) are due **December 22, 2015**.

 **j.** Plaintiff's Fed. R. Civ. P. 26(a)(2) rebuttal expert report(s) are due **January 5, 2016**.

 **k.** Supplementations under Fed. R. Civ. P. 26 (e) are due **January 12, 2016**.

 **l.** Factual discovery is to be completed by **February 12, 2016**.

 **m.** Expert discovery, including Depositions, is to be completed by **February 12, 2016.**

 **n.** The parties' Fed. R. Civ. P. 26(a)(3) disclosures and a list of exhibits to be used at trial, a list of witnesses to be called at trial and a written stipulation of uncontested facts are due on or before the **February 18, 2016** Final Pretrial Conference.

 **o.** The Final Pretrial Conference is scheduled for **February 18, 2016 at 1:00 p.m.**

 **p.** Objections, Daubert Motions, and motions *in limine* to trial exhibits and witnesses are due by **February 29, 2016**.

 **q.** Proposed jury instructions and voir dire questions are due **five (5) business days** prior to the scheduled trial date.

 **r.** The parties anticipate the need for a Protective Order.

6. **Anticipated Discovery Problems**

 None.

7. **Special Discovery Needs:**

 None known at this time.

8. **Electronically Stored Information**

 The parties recognize their obligation to preserve and produce, if requested in discovery, all relevant, non-privileged documentation, including electronically stored information ("ESI").

The parties have suspended any document retention program that includes the destruction of any documents pertinent to this case on a routine basis. In the event ESI is requested or falls within a party's production, the parties shall consult with each other as to the format and form of such production in an effort to accommodate the parties' document management systems and preserve relevant metadata and other native format attributes.

9. **Arbitration or Mediation; Appointment of a Special Master; Other Special Procedure**

At this time the parties do not believe that resolution of this case may be expedited by mediation.

10. **Bifurcation**

At this time, the parties do not believe this case will be appropriate for bifurcation, other than possibly as to the issue of the entitlement to attorneys' fees and costs, and, if appropriate the amount of such entitlement.

11. **Consent to a Magistrate Judge**

The parties do not consent to the trial being conducted by a Magistrate Judge at this time.

12. **Expected Length of Trial**

Three Days. A jury trial has been demanded.

13. **Electronic Service of Documents**

The parties agree that discovery, motions or other papers, not otherwise deemed served via ECF, may be served on counsel of record by means of e-mail to counsel at:

> To Plaintiff:
>
> rpowers@mcplegal.com
>
> dmcclanahan@mcplegal.com
>
> zmiller@mcplegal.com

To Defendant:

rehill@littler.com

andavis@littler.com

provided that any and all exhibits and attachments to same are included. The three (3) days additional time provided for under Fed. R. Civ. P. 6(d) and 5(b)(2)(E) shall **apply** to all documents so served.

**14. Inadvertent Disclosure of Privileged Information**.

The parties agree that the inadvertent production of privileged or protected information will not waive the privilege or protection, and that a party receiving such inadvertently produced privileged or protected information must immediately return the information without reviewing, copying or otherwise using the information.

Dated: October 28, 2015

Seen and Agreed:   Respectfully submitted,

*/s/ Robert Powers*   */s/Rachelle Hill*
Zach Miller (VSB # 85860)   Rachelle E. Hill (VSB # 74996)
Robert Powers (VSB # 80822)   Alison N. Davis (*pro hac vice*)
Dirk McClanahan (VSB # 81208)   LITTLER MENDELSON, P.C.
McCLANAHAN POWERS, PLLC   1150 17th Street N.W. Suite 900
8133 Leesburg Pike, Suite 130   Washington, DC 20036
Vienna, Virginia 22182   Telephone: 202.842.3400
Telephone: 703.520.1326   Facsimile: 202.842.0011
Facsimile: 703.828.0205   rehill@littler.com
zmiller@mcplegal.com   andavis@littler.com
rpowers@mcplegal.com
dmcclanahan@mcplegal.com   *Attorneys for Defendant*
   *HealthSouth Rehabilitation Hospital of*
*Attorneys for Plaintiff*   *Northern Virginia, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October, 2015, a copy of the foregoing pleading was served electronically on the following parties using the Court's CM/ECF service:

>Zach Miller (VSB # 85860)
>Robert Powers (VSB # 80822)
>Dirk McClanahan (VSB # 81208)
>McClanahan Powers, PLLC
>8133 Leesburg Pike, Suite 130
>Vienna, Virginia 22182
>Telephone: 703.520.1326
>Facsimile: 703.828.0205
>zmiller@mcplegal.com
>rpowers@mcplegal.com
>dmcclanahan@mcplegal.com

>/s/*Rachelle E. Hill*_____
>Rachelle E. Hill